UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

October 16, 2018

LETTER TO COUNSEL:

    RE:    *Stephanie R. v. Nancy A. Berryhill, Acting Commissioner of Social Security*[1]
            Civil No. TJS-17-2707

Dear Counsel:

    On September 12, 2017, Plaintiff Stephanie R.[2] petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 16 & 17.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[3] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Acting Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

    In her application for SSI, Stephanie R. alleged a disability onset date of January 10, 2008. (Tr. 202-10.) Her application was denied initially and on reconsideration. (Tr. 130-33, 137-45.) A hearing was held before an Administrative Law Judge ("ALJ") on September 8, 2016 (Tr. 31-69), and the ALJ found that Stephanie R. was not disabled under the Social Security Act (Tr. 10-20). The Appeals Council denied Stephanie R.'s request for review (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the agency.

    The ALJ evaluated Stephanie R.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. At step one, the ALJ found that Stephanie R.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[3] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On September 7, 2018, the case was reassigned to me.

was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since March 7, 2014. (Tr. 12.) At step two, the ALJ found that Stephanie R. suffered from the following severe impairments: status-post bilateral knee surgeries, lumbar degenerative disc disease, mood disorder, and anxiety disorder. (*Id.*) At step three, the ALJ found that Stephanie R.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 13.) The ALJ determined that Stephanie R. retained the residual functional capacity ("RFC"):

> to perform light work as defined in 20 C.F.R. § 416.967(b) except she can occasionally climb ramps or stairs and never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, or crawl. She must avoid concentrated exposure to extreme cold and excessive vibration. The claimant can perform simple routine tasks. She can occasionally interact with the public and coworkers.

(Tr. 14.)

At step four, relying on the testimony of a vocational expert, the ALJ determined that Stephanie R. was unable to perform past relevant work as a picker. (Tr. 19.) At step five, relying on the testimony of a vocational expert, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Stephanie R. can perform, including housekeeper, packer, and inspector. (Tr. 19-20.) Therefore, the ALJ found that Stephanie R. was not disabled under the Social Security Act. (Tr. 20.)

Stephanie R.'s sole argument on appeal is that the ALJ failed to comply with the Fourth Circuit's holding in *Mascio* regarding the manner in which ALJs must account for difficulties in concentration, persistence, and pace in the RFC assessment. (ECF No. 16-1 at 8-14.) After a careful review of the ALJ's decision and the evidence in the record, I find that the ALJ did not adequately account for Stephanie R.'s limitations in concentration, persistence, and pace in the RFC assessment. Because the ALJ did not properly assess her RFC, the findings made by the ALJ in reliance on the RFC cannot be said to be based on substantial evidence.

Stephanie R. argues that the ALJ's RFC assessment fails to account for her limitations in maintaining concentration, persistence, and pace. (*Id.*) In support of this argument, she relies on *Mascio*, 780 F.3d 632. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

In the decision, the ALJ discussed Stephanie R.'s moderate limitations with regard to concentration, persistence, and pace as part of the step three analysis:

2

> With regard to concentration, persistence or pace, the claimant has moderate difficulties. She reports difficulty remembering, concentrating, understanding, and following instructions. Yet on examination, her cognitive functioning was at the expected level. She had intact recent and remote memory. Such evidence indicates that she has no more than moderate limitation in this area.

(Tr. 14.) Later in his decision, the ALJ remarked that Stephanie R. "has good memory, good attention and concentration, and her cognitive functioning [was observed to be] at the level of expectation." (Tr. 17.)

The ALJ's RFC assessment does not adequately account for Stephanie R.'s moderate limitations in maintaining concentration, persistence, and pace. While the RFC limits her to performing "simple routine tasks," this restriction does not account for her moderate difficulties in concentration, persistence, and pace. *See Mascio*, 780 F.3d at 638. Stephanie R. might be able to perform simple, routine tasks for a short period of time but unable to sustain her performance for a full workday and workweek. Because the ALJ did not include limitations in the RFC to account for Stephanie R.'s difficulties in concentration, persistence, and pace, he was required by *Mascio* to explain why no such limitations were required.

The Acting Commissioner argues that the ALJ explained why Stephanie R.'s RFC did not include restrictions to account for her moderate difficulties in concentration, persistence, and pace. (ECF No. 17-1 at 6.) The ALJ did state that "further restrictions are not supported" because Stephanie R. was observed to have "had good memory, good attention and concentration, and her cognitive functioning was at the level of expectation." (Tr. 17.) But this explanation is not "precisely the sort of explanation that *Mascio* required." (ECF No. 17-1 at 6.) The ALJ's that Stephanie R. had "good memory, [and] good attention and concentration," conflicts with his finding that she has moderate difficulties in maintaining concentration, and it does not account in any way for her moderate difficulties in persistence and pace. The Acting Commissioner cites to a litany of evidence in the record to show that the ALJ's finding that Stephanie R. has moderate difficulties in maintaining concentration, persistence, and pace does not require any restriction beyond what is in the RFC. (*Id.* at 7-8.) But the ALJ did not refer to any of this evidence in the written decision. Instead, the ALJ apparently relied on one treatment note by a psychiatric nurse practitioner dated April 28, 2014. (Tr. 344-47.) In that note, the provider made the following notations related to concentration, persistence, and pace regarding Stephanie R.:

> Orientation: alert and oriented x 3
> Memory (Recent/Remote): good
> Attention/Concentration good
> . . .
> Cognitive functioning . . . At level of expectation

(Tr. 346.)

Even if the ALJ's reliance on this note as evidence that Stephanie R. has "good memory, good attention and concentration" did not conflict with the ALJ's finding that Stephanie R. is

3

moderately limited in her ability to concentrate, the note still does not address Stephanie R.'s limitations in the areas of persistence and pace. *See, e.g. Miles v. Comm'r*, No. SAG-16-1397, 2016 WL 6901985, at *2 (D. Md. Nov. 23, 2016). The ALJ did not provide a clear explanation for why, despite Stephanie R.'s moderate limitations in concentration, persistence, and pace, no restriction beyond a limitation to "simple routine tasks" was required in her RFC. The ALJ's decision provides only a cursory explanation, and the explanation contradicts the ALJ's other findings.

Based on this record, the Court is unable to find that the RFC determination by the ALJ represents an accurate characterization of Stephanie R.'s ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. The ALJ's decision is insufficient to permit adequate review. Without additional explanation by the ALJ, the Court is unable to review the ALJ's findings to determine whether they are supported by substantial evidence and without legal error.

In light of the Fourth Circuit's clear guidance in *Mascio*, this case must be remanded so that the ALJ can explain how Stephanie R.'s limitations in the areas of concentration, persistence, and pace can be incorporated into the RFC assessment, or why no additional limitation is necessary to account for these difficulties. *See Miles v. Comm'r*, No. SAG-16-1397, 2016 WL 6901985, at *2 (D. Md. Nov. 23, 2016) (finding that because there was no "corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses [the claimant's] ability to sustain work throughout an eight-hour workday," the Court was "unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace."); *see also Folsom v. Berryhill*, No. TMD-16-1681, 2017 WL 4354875, at *3 (D. Md. Sept. 30, 2017) (finding that an ALJ's failure to explain how a claimant's concentration could persist through an eight-hour workday required remand because such an error "precludes meaningful review"); *Thomas v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-1229, 2017 WL 1193990, at *2 (D. Md. Mar. 29, 2017) (declining to consider whether an error might be harmless where an ALJ's "RFC analysis did not specifically address [a claimant's] ability to sustain concentration" despite findings that he had "moderate limitations in sustained concentration and persistence"). On remand, the ALJ should either account for Stephanie R.'s moderate limitations in concentration, persistence, and pace, or explain why they do not "translate into [such] a limitation." *Mascio*, 780 F.3d at 638. The Court makes no finding as to the merits of the ALJ's ultimate conclusion that Stephanie R. is not disabled.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 16 & 17) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Acting Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge